UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APRIL FARMER | CIVIL ACTION NO. |
| VERSUS | SECTION " " () |
| CECILIA MOUTON, IN HER INDIVIDUAL AND CAPACITY AS THE DIRECTOR OF INVESTIGATORS AND EXECUTIVE DIRECTOR OF THE LOUISIANA STATE BOARD OF MEDICAL EXAMINERS, THE LOUISIANA BOARD OF EXAMINERS, | |

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff , April Farmer through undersigned counsel, files this Complaint and Jury Demand against Dr Cecilia Mouton and Louisiana State Board of Medical Examiners ("LSBME") .

### I  INTRODUCTION

1. This suit arises from the forced resignation of Plaintiff, April Farmer  due to te hositile environment she was forced to work as admitted by Dr Cecilia Mouton as Executive Director and Director of Investigations of the LSBME ( Exhibit A) with the full knowledge and authority of the board in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e *et seq*; Louisiana Employment Discrimination Law ("LEDL") , La R.S. §§ 23:302.23:3-3 . 23:332 *, *23:967, 23: 15 *et seq* , ; Intention Infliction of Emotional Distress, for conspiracy in violation of 42 U.S.C.§1981 and 1985 , a willful violation of §16 (b) of the Fair Labor Standards Act of 1983, 52 Stat.1060; 29 U.S.C. §201 et seq as amended by the Equal Pay Act , 77 Stat.56; 29 U.S.C.§206(d) ; §188 of the Work Force Innovation and Opportunity Act; unlawful subjection to a hostile work environment; constructive discharge ; 42 U.S.C. § 1981 (race discrimination and retaliation), Title VII - 42

U.S.C. § 2000e, et seq., Louisiana's anti discrimination laws - La. R.S. 23:301, et seq., Louisiana's anti-reprisal statute , La. R.S. 23:967. ( hereinafter referred to as the "Act") Jurisdiction is conferred upon this rt by 4 U.S.C.§2000e-5(f) and also by the Act and punitive damages .

    2. The actions of Dr Mouton and the LSBME forced April Farmer to resign due to the hostile work environment. April Farmer began her employment in December of 2007 as a licensing analyst. In reality she , was a receptionist. She was continually promised upon obtaining employment that she would be able to be a criminal investigator. She was written up and reprimanded in July of 2014 for filing a complaint with the EEOC. On July 18,2014, Farmer gave her resignation and Dr. Mouton wrote on the bottom of her letter " While I accept your resignation there is truth to your belief that I suggested you resign. " ( Exhibit A )

## II PARTIES

   3. April Farmer, a African American employee, was hired in December of 2007. Ms Farmer repeatedly attempted to advance in positions but was repeatedly told that she had to accumulate more extensive credentials. By July of 2014, Ms. Farmer was forced to resign due to the hostile work environment surrounding her employment as a result of the retaliation for filing an EEOC complaint.

4. Defendant, Dr. Cecilia Mouton, is a resident of the Parish of Orleans, State of Louisiana and is a party to this cause in her individual and official capacities as the Director of Investigations and the Executive Director of the Louisiana Board of Medical Examiners.

5 Defendant, LSBME is a state agency within the Louisiana Department of Health and Hospitals pursuant to La. R.S.49:968(D).

## III JURISDICTION AND VENUE

6. This Court has federal jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII . Jurisdiction is proper under §2000e-5(f)(3). Jurisdiction of the claim is asserted under La.R.S.23:332 et seq.

7. Unlawful employment practices complained of herein occurred within the Eastern District of Louisiana , Venue is proper in this District pursuant to §706 (f)(3) of Title VII , 42 U.S.C.§200e-5(f)© and under 28 U.S.C. §1391 (a) because the event giving rise to this action occurred in this judicial district.

## IV ALLEGATION COMMON TO ALL CAUSES OF ACTION

8 Dr. Mouton, as the Director of Investigations and the Executive Director of the LSBME systematically terminated , failed to promote and created a hostile work environment with regard to all long standing African American employees at the LSBME.

9. In July of 2014 , April Famrer filed a Complaint with the EEOC for discrimination in failing to promote Famrer due to her gender and race. In July of 2014 after Farmer filed the Complaint, in the absence of Gayly Jones , Head of the Accounting Department at the LSBME ; Michelle Parker was called into a meeting with Dr. Cecilia Mouton and Cynthia Knecht , the Human Resource Analyst /Head. At this meeting, Parker was asked to write a reprimand seeking the termination of April Farmer. At the time, the Plaintiff had an ongoing complaint filed the EEOC against the LSBME. Ms Parker refused to issue the letter of reprimand and she was terminated on a pre-textual charge.

10. On July 18, 2014, Ms. Parker, Gayle Jones, Dr. Mouton and Ms. Knecht met to discuss Dr. Mouton 's desire to terminate Ms. Farmer. Jones and Parker, again refused to issue a letter

seeking Farmer's termination as neither had held a discussion regarding Farmer 's conduct and Farmer had never received a reprimand with regard to any conduct violation .  Moreover,  Parker and Jones knew and recounted to Mouton at the meeting that there were a plethora of employees performing personal work during their employment who had never been reprimanded.  Mouton had full knowledge that Farmer had been completing her homework when her LSBME was completed as even counsel for the LSBME aided her in the completion of her homework.  Jones and Parker had information that both Mouton and Knecht  knew of this fact and were attempting to terminate Ms. Farmer  in retaliation for her EEOC complaint.  Parker had asserted the facts surrounding Mouton's actions in creating a hostile work environment in support of her Complaint in this Court. " Parker v Mouton , Civil Action No.  2:15-CV-06327 ( Exhibit B)

11. After Jones and Parker refused to write Ms. Farmer's termination letter,  Mouton began a pattern of harassment not only for Parker and Jones but more particularly for Farmer which created a hostile work environment. Thus, on July 18, 2014, upon receipt of Farmer's resignation, Mouton accepted Farmer 's resignation but in her own handwriting wrote that " there is truth to your belief that I suggested you resign".

## V. TITLE VII, ADA AND STATE LAW CLAIMS

12. Title VII of the Civil Rights Act as amended prohibits an employer from discriminating against an individual on the basis of race and color in their discharge, training and terms , condition and privileges of employment . 42 U.S.C. §2000(e) and La. R. S. 23:301 and 51:2231. Ms. Farmer asserts that Mouton and the LSBME discriminated against her due to race.

13. Ms. Farmer has obtained a right to sue letter from the EEOC pursuant to 42 U.S.C.§2000 and has commenced suit with 90 days.

## VI INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14. Farmer asserts that Mouton's conduct was extreme and outrageous.  She frequently screamed and yelled at Farmer and supervised in an unprofessional manner.   A co- employee and best friend of Farmer committed suicide 48 hours after discussing a discriminatory issue with Mouton.  African American employees were treated disparately from Caucasian employees. Ms. Parker asserted a complaint for emotional distress caused by the situation regarding Ms .Farmer who sought counseling due to Mouton's treatment. Ms Farmer received the brunt of this extreme and outrageous conduct which went beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized society.

### VII SECTION 1983

15.  Farmer's allegation stem from the conduct of Mouton and the failure of the LSBME to undertake any investigation or response to her allegations or the allegation of her co-workers and supervisors outlining the egregious conduct of Mouton.  Motion was a policy maker and she and the board instituted official discriminatory practices with regard to time,  pressure, work load and promotion of the African American employees of the LSBME. The discriminatory policies and practices would reflect on performance evaluations, pay and positions as an African American led department were forced to have an ever shrinking work force in the LSBME while Caucasian led department increased employees. Mouton unconstitutionally retaliated against   Parker for filing an EEOC Complaint and admitted that the environment she created was so hostile , there was no choice but for Farmer to resign.

### VIII RETALIATION HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII AND STATE LAW

16.  Farmer attempted to obtain promotion toward her goal of being an investigator.  As a result of her repeated attemps to obtain any promotion, despite following all counsel with regard to her

education, Farmer filed a Complaint with the EEOC.   Thereafter, Mouton strongly desired her termination and created an environment which was virtually impossible to work under.  Farmer had no choice but to resign which was clear desire of  Mouton

### IX WHISTLE BLOWER CLAIMS

17. Ms Farmer asserts that Mouton and the LSBME racially discriminated and retaliated against her other employees who filed EEOC charges as outlined in Parker and Jones letter attached to Parker's EEOC complaint pursuant to La. R.S. §23:967 et Seq.

### XII PUNITIVE DAMAGES

18. Ms Farmer contend that with regard to her allegation against Mouton and the LSBME under 42U .S. C. 1981,1985.

### XIII JURY DEMAND

19 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ms. Farmer respectfully requests a jury.

### XIV REQUESTS FOR RELIEF

20. Defendants,  Mouton and LSBME are liable in their individual and official capacities to April Farmer for such compensatory damages that have been suffered by Farmer without limitation : physical, mental, and emotional pain and suffering, loss of enjoyment of life, inconvenience mental anguish , loss of professional reputation and damages to April Farmer's reputation.

21. Farmer seeks damages for her economic loss including back pay, other economic losses and including fringe and retirement benefits.

22.  Due to Mouton's egregious acts , she should be liable for punitive damages as determined by a jury to the maximum amount permitted by the Constitution.

WHEREFORE Plaintiff, April Farmer prays for judgment in her favor against Defendants.

prays for judgment in her favor and against Dr. Cecelia Mouton, Executive Director and Director of Investigations of the LSBME, Louisiana State Board of Medical Examiners, In their individual and official capacities as follows:

1. For a declaratory judgment finding and declaring that APRIL FARMER has been discriminated, retaliated against by Defendants.

2. Reinstating APRIL FARMER'S employment with the LSBME and enjoining and prohibiting FARMER and the LSBME from further unconstitutional and unlawful employment practices against APRIL FARMER.

3. Awarding APRIL FARMER Parker all of the lost wages and economic damages past, present and future; which she suffered as a result of Defendants' unlawful employment practices,

4 Awarding APRIL FARMER such compensatory damages as are reasonable in the premises as determined by a jury.

5. Awarding APRIL FARMER such punitive damages as are reasonable in the premises against Cecilia Mouton, individually as determined by a jury

6. For Judgment against Defendants Dr. Cecilia Mouton in their individual and official capacities Executive Director and Director of Investigations of the LSBME, Louisiana State Board of Medical Examiners for attorney's fees and litigation expenses in accordance with 42 U.S.C. Section 1983. For legal interest in accordance with law and for all cost of this proceeding,

7. Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted, this the 17th day of November, 2016.

                                         */s/ Jennifer F. Nicaud*
                                         Jennifer F. Nicaud # 19081
                                         Copeland, Cook, Taylor & Bush, P. A.
                                         2781 C. T. Switzer Sr. Drive, Suite 200
                                         Biloxi, MS 39533
                                         Telephone No. (228) 863-6101
                                         Facsimile No.  (228) 868-90771
                                         jnicaud@cctb.com

                                         Clarence Roby, Jr. # 20345
                                         Law Firm of Clarence Roby, Jr.
                                         3701 Canal Stret, Ste U.
                                         New Orleans, LA  70119
                                         Telephone No.  (504) 486-7700
                                         Facsimile No.  (504) 486-8005